PAUL F. McLAUGHLIN, PROSECUTOR, v. NEW JERSEY CIVIL SERVICE COMMISSION, DEFENDANT.

Submitted October 7, 1947—Decided June 29, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Frank I. Casey.*

For the defendant, *Walter D. Van Riper* and *Eugene T. Urbaniak.*

The opinion of the court was delivered by

DONGES, J.   This writ was allowed to bring to this court for review two orders of the Civil Service Commission the effect of which was to determine that the prosecutor, Paul F. McLaughlin, had resigned from or abandoned his position as senior parole officer at the New Jersey State Prison within the provisions of rule 61 of the Civil Service Commission by absenting himself from his duties and refusing to state when he would be available for the resumption of work.

Rule 61 provides that, "Any employee who is absent from duty for five consecutive business days without notice to his superior officer of the reason for such absence and the time when he expects to return and without securing permission to be on leave from his superior officer, or who fails to report for duty within five business days after the expiration of any authorized leave of absence, shall be considered as having resigned."

Prior to June 13th, 1946, prosecutor had served as parole officer working from the state prison directly under the supervision of the principal keeper. On that date, for some reason not directly concerned in this case, he was suspended for a period of five days by the then keeper, John L. O'Hara, and at the same time was informed of his assignment to supervise parolees in the Counties of Passaic and Essex under the supervision of the principal keeper until such time as the then pending transfer of supervision of this work to the Department of Institutions and Agencies was effected. On June 13th the principal keeper directed a request to the director of parole of the department designating him to supervise the parole of all prisoners released from the prison. This was in pursuance of a resolution of the Board of Control of the prison. The department has since had supervision of this work.

When prosecutor reported back to work on June 19th, 1946, the term of office of John L. O'Hara had expired and George W. Page had assumed the office of principal keeper. Page instructed prosecutor to carry on his work as theretofore for the time being and on June 25th, 1946, informed him that the order of O'Hara for the transfer of supervision of the parole work to the Department of Institutions and Agencies would stand. On June 26th prosecutor filed an appeal with the Civil Service Commission protesting his transfer from the keeper's office to the director of parole of the department. At the same time prosecutor, with the consent of the keeper, went on sick leave. The next day, at the request of the director of parole, he produced a certificate of his physician respecting his condition of health. This certificate was to the effect that prosecutor was "suffering from nervousness and should have a period of rest."

Under date of July 2d, 1946, Dr. Bixby, Deputy Commissioner in charge of parole work, wrote to prosecutor requesting him to come to his office on July 8th to talk over "the prospects of your returning to duty and how your work in the field can best be covered until you do return." Prosecutor came to the office of Dr. Bixby and there voiced his protest against the transfer of supervision over him from the

office of the principal keeper to the department. He did not return to work or state any date when he expected to be able to return, pointing out that he had an appeal pending challenging the transfer.

On August 7th Dr. Bixby again wrote prosecutor asking him to call on August 12th for further discussion of the situation. Prosecutor did not accede to this request, but consulted counsel, interviewed Mr. Page and produced another certificate of his physician to the effect that he was "still suffering from a nervous upset that will not permit him to return to his work." In response to this Dr. Bixby wrote to prosecutor requesting information as to when he would be available to work and suggesting a physical examination by a doctor representing the state in collaboration with prosecutor's physician. This letter was ignored. On September 4th Dr. Bixby again wrote prosecutor, this time directing him to report for assignment to duty on September 9th. This letter was also ignored.

Hearing on the appeal of the prosecutor from the transfer of his duties was scheduled for September 17th, 1946, and the Civil Service Commission took the position that the question of the propriety of this transfer of functions was not within its jurisdiction. On September 16th the Commissioner of Institutions and Agencies wrote prosecutor to the effect that, "Inasmuch as you have not complied with that direction [the direction to report for assignment] or made any response to the communication you are considered, in compliance with rule 61 of the New Jersey State Civil Service Commission, to have resigned your position effective this date."

Upon appeal from this action hearings were held on December 9th and 11th, 1946. At these hearings the above factual background was developed and there was sworn as a witness the physician of the prosecutor, Dr. James A. Murphy. He testified that he found nothing physically or organically wrong with the prosecutor and, in answer to the question "So that his nervousness was based entirely upon the fact of the proposed transfer of his position and if he were returned to his former position his nervousness would become cured,

alleviated or bettered?" he answered, "That is my opinion. That is the impression Mr. McLaughlin left with me."

Under date of January 24th, 1947, the Civil Service Commission dismissed prosecutor's appeal and, upon reargument, determined on March 18th, 1947, that the transfer of supervision of parole from the prison to the Division of Parole did not violate any civil service rights of the prosecutor; and that the prosecutor was guilty of insubordination in his challenge of a matter of policy involved in the transfer.

The argument made on behalf of the prosecutor on this writ is that he was absent from duty by reason of sickness, that he was entitled to sick leave, that he had produced the necessary medical certificates, and that he cannot be deemed to have resigned by reason of absence from duty, within the meaning of rule 61, when he is out sick. In view of all the facts, and particularly considering the opinion of his physician, we cannot reach the conclusion that prosecutor is suffering from a *bona fide* disabling illness. The doctor found nothing to prevent his working other than a nervous condition and that was caused by the transfer of his supervision to the other department. The very condition of his employment against which he protested and from which he appealed is asserted as the cause of the illness which prevents him from performing his duties. We are of the opinion that the proofs more logically support the conclusion that the absence from work on the part of the prosecutor is due to his dislike of and refusal to submit to the altered circumstances of his employment, rather than to any physically inability to work. At any rate it cannot be said that the proofs in favor of the prosecutor are so preponderant as to cause this court to substitute its judgment for that of the administrative agency and the Civil Service Commission.

The writ is dismissed.

Mr. Justice Eastwood dissents.