This appeal is from an order of the Civil Service Commission dismissing the appeal of Helen Griffin from the action of the City of Jersey City in dismissing her from its employ. The appellant was first employed by the municipality in 1938 as a clerk or stenographer in a temporary capacity. In 1944 she was permanently appointed as contract clerk at an annual salary of $2,900 and assigned in the Law Department. In August of 1947 a position of senior contract clerk in the Law Department was created at an annual salary of $4,000 and shortly thereafter appellant was appointed temporarily to that position, pending examination, and notice thereof was sent to the Civil Service Commission. From the date when first employed, she has been carried on the payroll of the Department of Revenue and Finance as an employee of the Department of Law. On November 26, 1948, the Director of the Department of Revenue and Finance wrote her that because of her continued absence from her duties without leave, such absence would be deemed a resignation and that such resignation was accepted. The action was taken under the authority of Rule 43 of the Civil Service Commission which reads: "The resignation of an officer or employee from the classified civil service shall be filed with his appointing officer, who shall immediately notify the Civil Service Commission of such resignation. The absence of an officer or employee from duty for a period of five successive days or longer without leave and without notice to his superior officer of the reason for such absence or of his intention to return shall be considered in effect, a resignation." From this action the *Page 83 
appellant took an appeal to the Civil Service Commission which affirmed the action accepting appellant's resignation and dismissed her appeal.
The present appeal is argued under three headings; first, that the finding of the Civil Service Commission is against the weight of the evidence; second, that the determination of the Civil Service Commission is contrary to a prior holding with respect toRule 43; and, third, that the Commission had no authority to promulgate a rule under which a civil service employee could be forced to resign against his will. We treat these points in inverse order. The appellant does not contend that Rule 43 is invalid nor could she do so successfully in light of McLaughlinv. New Jersey Civil Service Commission, 137 N.J.L. 338 (Sup.Ct. 1948); affirmed, 1 N.J. 284, 63 A.2d 261 (Sup. Ct.
1949). The cited case affirmed a "resignation" under Rule 61 of the Civil Service Commission which is similar to, though not identical with, Rule 43 in so far as absence without leave from, and notice to, an employee's superior is concerned. The promulgation of Rule 43 was within the rule-making power of the Commission. The second point is the failure of the Civil Service Commission to follow to a prior holding with respect to Rule
43. The case referred to does not seem controlling in that there was no assignment of the employees of one department to another department as is the situation in the case under consideration.
At the hearing, it appeared that during her employment by the municipality, the appellant was on the payroll of the Department of Revenue and Finance as an employee of the Department of Law. John D. Kennelly, chief clerk in the Law Department, testified that Miss Griffin was not in the Law Department during the month of November, 1948, that her duties were to work on bankruptcy and contracts and whatever else she was asked to do, that on three or four occasions earlier in the year he had spoken to her at the request of the corporation counsel in reference to her absences. He testified that Miss Griffin had a desk in the office and four fellow-employees who worked in the same room testified that *Page 84 
they did not see her do any work there during the month of November, 1948, although they were in the office during that time. The most that can be said, according to the witnesses produced by the municipality, was that she appeared at the office of the Law Department each day for a few moments.
The appellant testified that she was first employed by the city in 1938 and from that time she got her assignments from Mr. Malone in the Department of Public Affairs; that this arrangement was on the instructions of Mr. Hamill, then corporation counsel, who died in 1941. We interpolate at this point that the instructions of the then corporation counsel in 1938 were given to appellant when she was a temporary employee as clerk or stenographer. Thereafter in 1944 she was permanently appointed contract clerk and in 1947 her position was again changed and she became senior contract clerk. Assuming, without deciding, that her assignment in 1938 to another department was proper, and no authority to that effect is cited, it does not follow that such an assignment of a temporary clerk or stenographer is to be construed as applicable to and binding upon an employee whose status was changed in 1944 to "contract clerk" and later in 1947 to "senior contract clerk." It must be borne in mind that these changes in appellant's status took place three and six years after the death of Mr. Hamill and when a different corporation counsel was in office.
Appellant further testified that her assignments of work were from Mr. Malone and that she did not report in the Law Department other than to stop in there. The appellant's testimony as to any work that she did in the Law Department is vague. She says that she typed some envelopes at the direction of Mr. Kennelly sometime toward the middle of November and she testified that Miss Gilligen and Miss Mantone, two of her fellow-employees, were present at the time. This testimony is in conflict with that of all of the witnesses produced by the municipality.
On the record, the evidence supports the action of the Civil Service Commission in dismissing the appeal.
The order under appeal is affirmed. *Page 85